UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Mark Leslie,**

    **Plaintiff,**

-V-                                        Case No. 2:04 -CV-0080
                                              JUDGE SMITH
                                              Magistrate Judge Kemp

**Bruce Johnson, et al.,**

    **Defendants.**


### ORDER

### I. Redundant motions for partial summary judgment

Plaintiff filed a motion for partial summary judgment on January 5, 2005 (Doc. 29). Plaintiff filed a substantially similar amended motion for partial summary judgment on January 24, 2005 (Doc. 30). Defendants filed their response in opposition to plaintiff's amended motion for partial summary judgment on January 26, 2005 (Doc. 31). On February 8, 2005, plaintiff filed a reply (Doc. 33) to defendants' response, as well as a "revised corrected motion for partial summary judgment" (Doc. 32). Plaintiff's revised corrected motion for partial summary judgment is substantially similar to the two previously filed motions for partial summary judgment, except that it adds a table of contents, introduction, discussion of evidence, and a summary of argument.

    The Court finds that the three motions for partial summary judgment are largely redundant, and will therefore strike two of the motions from the record. The Court will allow the

amended motion for partial summary judgment (Doc. 30) to remain pending, inasmuch as it is the one to which defendants were afforded an opportunity to respond.  The original motion for partial summary judgment (Doc. 29) and the revised corrected motion for partial summary judgment (Doc. 32) are hereby **STRICKEN** from the record.

## II.  Potential issue preclusion

On May 9, 2005, the State Personnel Board of Review ("SPBR") issued a decision upholding the Administrative Law Judge's ("ALJ") decision in favor of the Ohio Department of Development.  In its order the SPBR stated:

> "Wherefore, it is hereby **ORDERED** that the instant appeal be **DISMISSED** principally for Appellant's failure to establish a *prima facie* case, pursuant to R.C. 124.03 and R.C. 124.341 and secondarily for Appellant's failure to rebut Appellee's demonstration that Appellant was, indeed, removed due to Appellent's creation and perpetuation of an untenable working environment for co-worker Karen Banyai and due to his insubordination in failing to cease and desist from these actions in the face of clear and repeated instructions to do so, pursuant to R.C. 124.03 and R.C. 124.341."

Plaintiff acknowledges, "[i]n the event that the Court of Review affirms the Report and Recommendation of the Administrative Law Judge, the Plaintiff notes that it may be necessary to address the issue of whether the Court's decision has any effect on issues raised in the Amended Complaint." Pl. Memo in Resp. (Doc. 24) at 2.

The Court is unable to locate the ALJ's decision in the current record.  Defendants shall, by **October 3, 2005** submit a copy of the ALJ's decision as well as a brief discussing the preclusive effect, if any, of the SPBR's decision on any issue in the instant case.  The brief shall not exceed ten pages in length.  Plaintiff shall respond to defendants' brief on issue preclusion within twenty-one days after the date of service of the brief.  Plaintiff's response shall not exceed

ten pages in length.  Defendants may file a reply to plaintiff's response within eleven days after the date of service of the response.  If defendants do not believe that the SPBR decision has any preclusive effect on any issue in this case, then they shall simply file a statement saying so, and plaintiff need not respond.

The Clerk shall remove Doc. 29 and Doc. 32 from the Court's pending CJRA motions list.

**IT IS SO ORDERED.**

                                       /s/ George C. Smith
                                       **GEORGE C. SMITH, JUDGE**
                                             **UNITED STATES DISTRICT COURT**