UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Mark Leslie,**

    **Plaintiff,**

**-v-**                          **Case No. 2:04 -CV-0080**
                                 **JUDGE SMITH**
                                 **Magistrate Judge Kemp**

**Bruce Johnson,** *et al.***,**

    **Defendants.**

## ORDER

       This matter is before the Court on Defendants' Motion for Taxation of Costs (Doc. 52). Defendants are seeking costs in the amount of $1,314.75. Plaintiff has sought leave of this Court to file his response to Defendants' Motion for Taxation of Costs (Doc. 53) and the Response was subsequently filed (Doc. 54). Defendants then filed their Memorandum Contra Plaintiff's Motion for Leave to Respond to the Motion for Taxation of Costs (Doc. 55). This matter is now ripe for review.

       Defendants Bruce Johnson, Douglas Garver, Richard Everhart, Marlo Tannous, Rita Parise, and Heather Cunningham seek to recover their costs pursuant to 28 U.S.C. §1920, Federal Rule of Civil Procedure 54(d), and Local Civil Rule 54.1. Plaintiff Mark Leslie filed this action against Defendants alleging he was discharged because of speech on a matter of public concern or religious speech, in violation of the First and Fourteenth Amendments. On March 14, 2006, this Court granted summary judgment to the Defendants on all of Plaintiff's claims. On July 18, 2007, this Order was affirmed by this Sixth Circuit in *Leslie v. Johnson*, 2007 U.S. App. LEXIS 17775 (6th Cir. 2007). Plaintiff then filed a petition for writ of certiorari

with the United States Supreme Court.  That petition was denied on November 26, 2007 (Doc. 57).

Federal Rule of Civil Procedure 54(d) provides that costs "shall be allowed as of course to the prevailing party unless the court otherwise directs."  The Supreme Court has recognized that this language "signals the general proposition that 'liability for costs is a normal incident of defeat.'" *Jones v. Continental Corp.*, 789 F.2d 1225, 1233 (6th Cir. 1986), *quoting Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981).  Therefore, Rule 54(d) creates a "presumption in favor of awarding costs" to the prevailing party."  *White & White, Inc. V. American Hospital Supply Corp.*, 786 F.2d 728, 729 (6th Cir. 1986).

29 U.S.C. §1920(2) provides that costs may be taxed for "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case."  "[T]ranscripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough if they are 'reasonably necessary.'" *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993).

Defendants seek to recover the costs expended for court reporter fees for the testimony of the Plaintiff and other witnesses before the State Personnel Board of Review of Ohio.  The Record was filed in its entirety and testimony from each witness was cited in support of the Defendant's successful motion for summary judgment.  The record from the Board of Review comprised the sole testimonial record on which summary judgment was granted.  Defendants further assert that obtaining and filing the record was reasonably necessary to defend the action, and therefore may be recovered as costs.  *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989).

Plaintiff has filed a Motion for Leave to file a response to Defendants' Motion for Taxation of Costs.  Despite Defendants' opposition to allowing Plaintiff to file his response, the

Court will accept Plaintiff's Responsive brief, granting his Motion for Leave to File. The Court finds that there is no prejudice to Defendants in permitting Plaintiff to file his response.

Plaintiff asserts several reasons why Defendants' Motion for Taxation of Costs should be denied: 1) Defendants' Motion was not timely filed; 2) the transcript was not obtained for this proceeding; and 3) Defendants should not be entitled to 100% of the transcript costs, rather the costs should be allocated between the two proceedings.

First, Plaintiff's argument that Defendants' Motion was not timely filed is incorrect. Defendants' Motion was timely filed within ten days of the issuance of the mandate, which is "the date on which the judgment is final after all appeals." S.D. Ohio Local Rule 54(a).

Next, Plaintiff argues that the transcript in question was not obtained specifically for this proceeding and therefore he should not have to pay for the costs. Further, he argues that costs were not recoverable in the administrative hearing and therefore should not be recoverable now. Defendants, however, this transcript was the sole evidence in support of summary judgment and therefore was reasonably necessary to the case justifying the taxation of costs to Plaintiff. The Court is concerned that Defendants are now seeking to recover costs for the transcript that they could not recover after the administrative hearing. But on the other hand, the testimony from that proceeding was the sole evidence in this case. Presumably, Defendants could have conducted depositions of those same witnesses and Plaintiff could be responsible for those costs.

Finally, Plaintiff argues that at the very least, the entire cost of the transcript, $1314.75 should not be assessed to him. Plaintiff argues that the costs should be allocated between the two proceedings. Plaintiff has asserted that the transcript of the hearing was ordered for use by

both parties in support of their post-hearing briefs. Therefore, the transcript was not ordered solely for use in this proceeding. The Court finds that Plaintiff's argument that the costs should be allocated accordingly has merit.

The Court therefore finds that the costs of the transcript should be allocated between the two proceedings equally because it was used as evidence in both cases. Therefore, Plaintiff is ordered to pay Defendants costs in the amount of $657.37. This amount shall be paid to Defendants no later than January 31, 2008.

Based on the above, the Court **GRANTS** Plaintiff's Motion for Leave to File his Response (Doc. 53) and **GRANTS** Defendants' Motion for Taxation of Costs (Doc. 52).

The Clerk shall remove this case from the Court's pending cases and motions lists.

The Clerk shall remove Docs. 52 and 53 from the Court's pending motions list.

**IT IS SO ORDERED.**

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**